UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDGAR BURBANO,

Plaintiff,

-against-

RCJ BAKERY INC. d/b/a ROSE & JOE'S ITALIAN BAKERY, ANTHONY PORRETTO a/k/a ANTONIO PORRETTO, individually, and ANNA MARIA PORRETTO, individually,

Defendants.

**COMPLAINT**

Plaintiff EDGAR BURBANO ("Plaintiff"), by his attorneys, alleges upon personal knowledge as to himself and upon information and belief as to all other matters as follows against Defendants RCJ BAKERY INC. d/b/a ROSE & JOE'S ITALIAN BAKERY, ANTHONY PORRETTO a/k/a ANTONIO PORRETTO, and ANNA MARIA PORRETTO (collectively, "Defendants"):

## 1. NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants RCJ Bakery Inc. d/b/a Rose & Joe's Italian Bakery ("RCJ"), Anthony Porretto a/k/a Antonio Porretto ("Porretto"), and Anna Maria Porretto ("Anna Porretto") to recover unpaid wages and damages arising from his employment at Rose & Joe's Italian Bakery in Astoria, New York.

2. Plaintiff worked for Defendants performing non-exempt bakery and related work.

3. Defendants paid Plaintiff a fixed weekly wage regardless of the number of hours he worked.

4. Plaintiff regularly worked more than forty hours per week without receiving overtime compensation for his hours worked over forty.

5. Defendants also failed to pay Plaintiff certain wages due at the end of his employment and failed to provide him with required wage notices and statements.

6. Plaintiff brings claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the New York Labor Law, and seeks unpaid wages, liquidated and statutory damages, prejudgment interest, attorneys' fees and costs, and other relief authorized by law.

## 2. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367(a) because those claims arise from the same employment relationship and form part of the same case or controversy as Plaintiff's federal claims.

9. This Court has personal jurisdiction over Defendants because they operated and/or managed the bakery at which Plaintiff worked in New York, and the conduct giving rise to Plaintiff's claims occurred in New York.

**10.** Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred at Rose & Joe's Italian Bakery in Astoria, Queens County, New York. Queens County is within the Eastern District of New York.

## 3. PARTIES

11. Plaintiff EDGAR BURBANO is an individual who, during the relevant period, was employed by Defendants at Rose & Joe's Italian Bakery located at 22-40 31st Street, Astoria, New York 11105.

12. Defendant RCJ Bakery Inc. ("RCJ") is a New York domestic business corporation that, during the relevant period, operated Rose & Joe's Italian Bakery at 22-40 31st Street, Astoria, New York 11105, and did business as Rose & Joe's Italian Bakery.

13. Defendant Anthony Porretto a/k/a Antonio Porretto ("Porretto") is an individual who, during the relevant period, exercised managerial and operational control over Plaintiff's employment. Porretto hired Plaintiff, controlled or communicated Plaintiff's work schedule, directed Plaintiff's work, exercised authority over Plaintiff's compensation, and paid Plaintiff his weekly wages.

14. Defendant Anna Maria Porretto ("Anna Porretto") is an individual who, during the relevant period, exercised managerial and supervisory control over Plaintiff's employment. Anna Porretto had authority concerning Plaintiff's work assignments, schedule, compensation, and hiring and firing, and personally directed Plaintiff's work.

15. During the relevant period, RCJ operated an enterprise engaged in commerce within the meaning of the FLSA.

16. In operating the bakery, RCJ's employees handled and worked with food ingredients, supplies, equipment, packaging, and other goods or materials that had moved in interstate commerce.

17. Upon information and belief, during the relevant period, RCJ had an annual gross volume of sales made or business done of not less than $500,000.

18. During the relevant period, RCJ, Porretto, and Anna Porretto each exercised sufficient control over Plaintiff's employment to constitute an employer of Plaintiff within the meaning of the FLSA and NYLL.

## 4. FACTUAL ALLEGATIONS

### 4.1. Employment and Duties

19. Plaintiff worked for Defendants at Rose & Joe's Italian Bakery in Astoria, New York.

20. During the period relevant to this action, including from at least 2020 through approximately October 12, 2025, Plaintiff performed manual work for Defendants.

21. Plaintiff's duties included porter, bakery, packaging, delivery, and related work.

22. Plaintiff performed this work as part of Defendants' regular bakery operations.

### 4.2. Work Schedule and Compensation

23. During the relevant period, Plaintiff generally worked approximately seven days per week, subject to occasional missed days.

24. Plaintiff worked approximately twelve (12) to fourteen (14) hours per shift. For example, Plaintiff was required to work from approximately 1:30 – 2:00 am to approximately 3:00 to 4:00 pm.

25. Plaintiff therefore regularly worked substantially more than forty hours in a workweek.

26. Defendants paid Plaintiff a weekly wage of approximately $500 during 2020 and approximately $525 per week thereafter.

27. Plaintiff was generally paid weekly in cash, and his fixed weekly wage did not increase based on the number of hours he worked.

### 4.3. Unpaid Overtime and Wages

28. Although Plaintiff regularly worked more than forty hours per week, Defendants did not pay him any additional overtime premium for his hours worked over forty.

29. Defendants instead paid Plaintiff the same fixed weekly wage regardless of the substantial overtime hours he worked.

30. At the end of Plaintiff's employment, Defendants also failed to pay him approximately two weeks of earned wages.

### 4.4. <u>Wage Notices and Wage Statements</u>

31. Defendants failed to provide Plaintiff with the written wage notice required by NYLL § 195(1) setting forth his rate and basis of pay, regular and overtime rates, and other required information.

32. Defendants also failed to provide Plaintiff with wage statements with each payment of wages as required by NYLL § 195(3).

33. Plaintiff generally received his cash wages in an envelope, without a statement identifying his hours worked, rates of pay, gross wages, deductions, or the manner in which his wages were calculated.

34. Had Defendants provided accurate wage statements identifying Plaintiff's hours and applicable rates of pay, Plaintiff would have used that information to identify and challenge the shortfalls in his wages while employed. The absence of those statements delayed his ability to identify and pursue the unpaid wages alleged in this action.

## 5. <u>CAUSES OF ACTION</u>

### 5.1. <u>Failure to Pay Minimum Wages - Fair Labor Standards Act, 29 U.S.C. §§ 206 and 216</u>

35. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

36. For workweeks at the end of Plaintiff's employment for which Defendants failed to pay Plaintiff earned wages, Defendants failed to pay Plaintiff at least the federal minimum wage for the hours he worked.

37. Defendants thereby violated 29 U.S.C. § 206(a).

38. Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, attorneys' fees, costs, and other relief provided by 29 U.S.C. § 216(b).

**5.2. Failure to Pay Overtime Compensation - Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216**

39. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

40. At all relevant times, Plaintiff was a non-exempt employee covered by the FLSA, and Defendants were Plaintiff's employers within the meaning of the FLSA.

41. Plaintiff regularly worked more than forty hours in a workweek.

42. Defendants knew or should have known of the hours Plaintiff worked because they scheduled, supervised, and directed his work.

43. Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate for hours worked over forty in a workweek, in violation of 29 U.S.C. § 207(a)(1).

44. Defendants' FLSA violations were willful because Defendants knew Plaintiff regularly worked more than forty hours per week and nevertheless paid him a fixed weekly wage without overtime compensation.

45. Plaintiff is entitled to recover his unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and other relief provided by 29 U.S.C. § 216(b).

**5.3. Failure to Pay Minimum Wages - New York Labor Law §§ 650 et seq. and 663**

46. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

47. During the relevant period, Plaintiff was entitled to receive at least the applicable New York minimum wage for each hour worked.

48. Defendants paid Plaintiff a weekly wage that was insufficient to compensate him at the applicable minimum wage for the hours he worked.

49. Defendants thereby failed to pay Plaintiff the minimum wages required by the NYLL and applicable wage orders.

50. Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief permitted by law.

### 5.4. Failure to Pay Overtime Compensation - New York Labor Law §§ 650 et seq. and Applicable Wage Orders

51. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

52. Plaintiff regularly worked more than forty hours in a workweek.

53. Defendants failed to pay Plaintiff overtime compensation at one and one-half times the applicable regular rate for his hours worked over forty.

54. Defendants thereby violated the NYLL and applicable New York wage orders.

55. Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief permitted by law.

### 5.5. Failure to Pay Spread-of-Hours Compensation - New York Labor Law and Applicable Wage Orders

56. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

57. On days during the relevant period, the interval between the beginning and end of Plaintiff's workday exceeded ten hours.

58. Defendants failed to pay Plaintiff the additional spread-of-hours compensation required by New York law.

59. Plaintiff is entitled to recover his unpaid spread-of-hours compensation, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief permitted by law.

**5.6. <u>Failure to Pay Earned Wages - New York Labor Law §§ 191 and 198</u>**

60. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

61. Plaintiff performed work for Defendants for which he earned wages.

62. At the conclusion of Plaintiff's employment, Defendants failed to pay Plaintiff approximately two weeks of earned wages by the applicable regular payday, and those wages remain unpaid.

63. Plaintiff is entitled to recover his unpaid wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief permitted by law.

**5.7. <u>Failure to Provide Wage Notice - New York Labor Law §§ 195(1) and 198(1-b)</u>**

64. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

65. Defendants failed to provide Plaintiff with the written notice of his rate and basis of pay and other information required by NYLL § 195(1).

66. As alleged above, the absence of required wage information impeded Plaintiff's ability to determine and document the wages to which he was entitled and to timely identify and challenge Defendants' underpayment of his wages.

67. Plaintiff is entitled to recover statutory damages, attorneys' fees, costs, and other relief provided by NYLL § 198(1-b).

**5.8. <u>Failure to Provide Wage Statements - New York Labor Law §§ 195(3) and 198(1-d)</u>**

68. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

69. Defendants failed to provide Plaintiff with wage statements accompanying each payment of wages that contained the information required by NYLL § 195(3).

70. Instead, Plaintiff generally received his cash wages in an envelope and without a statement identifying his hours worked, rates of pay, gross wages, deductions, or the manner in which his wages were calculated.

71. As alleged above, the absence of required wage statements impeded Plaintiff's ability to determine and document the wages to which he was entitled and to timely identify and challenge Defendants' underpayment of his wages.

72. Plaintiff is entitled to recover statutory damages, attorneys' fees, costs, and other relief provided by NYLL § 198(1-d).

## 6. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally to the extent permitted by law, and award:

A. Plaintiff's unpaid minimum wages, overtime compensation, spread-of-hours compensation, and other unpaid earned wages;

B. Liquidated damages under the FLSA and/or NYLL as permitted by law, without duplicative recovery;

C. Statutory damages for Defendants' violations of NYLL §§ 195(1) and 195(3);

D. Prejudgment and post-judgment interest as permitted by law;

E. Reasonable attorneys' fees and costs; and

F. Such other and further relief as the Court deems just and proper.

## 7. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 18, 2026
Astoria, New York

Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
Phone: 718-269-2243
CTucker@SaccoFillas.com

**CONSENT TO JOIN ACTION**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Edgar Burbano

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: ____________ Date: 8/10/26